IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JESSY J. MELÉNDEZ-HERNÁNDEZ, | |
| **Petitioner,** | **Civil No.** 17-1603 (FAB) |
| **v.** | related to |
| UNITED STATES OF AMERICA, | **Criminal No.** 15-462 (FAB) |
| **Respondent.** | |

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is Jessy J. Meléndez-Hernández's ("Petitioner" or "Meléndez-Hernández") *pro-se* motion to vacate, set aside, or correct his sentence in Criminal Case No. 15-462, pursuant to Title 28, United Sates Code, section 2255 ("section 2255"), (Civil Docket No. 1); the Government's Response, (Civil Docket No. 15); Petitioner's Supplemental Motion (Civil Docket No. 16); and the Government's Response to Petitioner's Supplemental Motion (Civil Docket No. 25.) For the reasons set forth below, the Court dismisses with prejudice Petitioner's motion to vacate his sentence and Petitioner's Supplemental Motion (Civil Docket Nos. 1 and 16).

I.   **BACKGROUND**

On July 17, 2015, Meléndez-Hernández was charged in a nine-count Indictment along with one hundred four additional

defendants, all members of a violent criminal drug trafficking organization known as "La Rompe ONU".[1] Petitioner was charged in the first three counts of the indictment with violations of Title 18, <u>United States Code</u>, sec. 1962(d), Title 21, <u>United States Code</u>, sections 846 and 860 and Title 18, <u>United States Code</u>, section 924(c)(1)(A) (Criminal Docket No. 3.) Petitioner was identified as an enforcer for La Rompe ONU and as a drug point owner in the Villa Andalucía Public Housing Project (Criminal Docket No. 3).

On January 29, 2016, Meléndez-Hernández pled guilty pursuant to a Plea Agreement entered into with the Government to counts one and three, violations of Title 18, <u>United States Code</u>, section 1962(d) and Title 18, <u>United States Code</u>, section 924(c)(1)(A). (Criminal Docket Nos. 959 and 961.)

On May 3, 2016, Petitioner was sentenced to a term of imprisonment of eighty-four months as to count one and sixty months as to count three, to be served consecutively to each other for a total term of imprisonment of one hundred forty-four months of imprisonment[2] (Criminal Docket No. 1551); an Amended judgment was entered on May 17, 2016 (Criminal Docket No. 1676.)

---

[1] Meléndez-Hernández was defendant number fifty-four in the indictment. (Criminal Docket No. 3.)

[2] The sentence imposed was in accordance with the plea agreement.

Meléndez-Hernández did not appeal his sentence, and on May 5, 2017, Petitioner filed a timely Motion to Vacate Sentence pursuant to Title 28, United States Code, section 2255 (Civil Docket No. 1).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. section 2255, "[a] prisoner in custody under sentence of a court established by [an] Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  "[T]he statute provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27 (1962)).  Claims that do not allege constitutional or jurisdictional errors are properly brought under section 2255 only if the claimed error is a "fundamental defect which fundamentally results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Id.

A motion filed pursuant to section 2255 is not a substitute for a direct appeal. Foster v. Chatman, 136 S. Ct. 1737, 1758 (2016).  As a result, "as a general rule, federal prisoners may

not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal." Id. (citations omitted). Moreover, "[c]ollateral relief in a § 2255 proceeding is generally unavailable if the petitioner has procedurally defaulted his claim by failing to raise the claim in a timely manner at trial or on direct appeal." Bucci v. United States, 662 F.3d 18, 27 (1st Cir. 2011) (quotation marks and citations omitted). If a section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from judicial review unless a petitioner can demonstrate both (1) cause for the procedural default and (2) actual prejudice resulting from the error asserted. Id.; United States v. Frady, 456 U.S. 152, 167-68 (1982).

**III. DISCUSSION**

In his original 2255 petition, Meléndez-Hernández makes the following allegations:

**Ineffective assistance of counsel** – Counsel was ineffective because she failed to advise Petitioner of his right to appeal, Petitioner is entitled to relief pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015), and Petitioner entered into a Plea Agreement involuntarily and not knowing the full consequences of pleading guilty.

After the Government responded to Petitioner's original 2255 petition, Meléndez-Hernández filed what he titled Motion to Amend

and Supplement (Civil Docket No. 16.)  In that filing, Petitioner for the first time raises a claim of actual innocence for the first time.

The Court will first address the claims made by Meléndez-Hernández in his original 2255 petition.

A.    **Whether Meléndez-Hernández's counsel provided ineffective assistance of counsel by failing to advise him about the consequences    of not filing an appeal.**

To establish ineffective assistance of counsel, a defendant must show that:

1.    His attorney's performance was deficient, and

2.    The deficient performance prejudiced his defense.

Strickland v. Washington, 466 U.S. 668, 687 (1984).

In order to establish deficiency, a defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland 466 U.S. at 688.  Under Strickland, counsel is presumed to have acted within the range of "reasonable professional assistance," and it is defendant who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689.  To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome."
Strickland, 466 U.S. at 694.  This assessment "must be a 'fairly
tolerant' one [, however,] because 'the Constitution pledges to an
accused an effective defense, not necessarily a perfect defense or
successful defense.'"  Moreno-Espada v. United States, 666 F.3d
60, 64 (1st Cir. 2012) quoting Scarpa v. Dubois, 38 F.3d 1, 8 (1st
Cir. 1994).

        A claim of ineffective assistance of counsel "requires
a court to assess, first whether 'counsel's representation 'fell
below an objective standard of reasonableness.'"  Padilla v.
Kentucky, 130 S.Ct. 1473, 1482 (2010).  It is clear that Petitioner
was obligated to show both that counsel's performance fell below
an objective standard of reasonableness, and that prejudice
resulted from it, Strickland, 466 U.S. at 687.  See also López-
Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990).  He
must do this as to each particular instance in which he claims
ineffective assistance of counsel.  Counsel's performance must be
examined "not in hindsight, but based on what the lawyer knew, or
should have known, at the time his tactical choices were made and
implemented."  United States v. Natanel, 938 F.2d 302, 309 (1st
Cir. 1992).  The "range of reasonable professional assistance" is
quite wide.  See Strickland, 466 U.S. at 689.  Therefore, the

Supreme Court has stated that, "judicial scrutiny of counsel's performance must be highly deferential." See Strickland, 466 U.S. at 689.

Under Strickland, Petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance, and the harm those actions caused. Furthermore, "a defendant's failure to satisfy one prong of the Strickland analysis obviates the need for a court to consider the remaining prong." Moreno-Espada v. United States, 666 F.3d 60,64 (1st Cir. 2012) (quoting Tevlin v. Spencer, 621 F.3d 59,66 (1st Cir. 2010).

Meléndez-Hernández argues that, at the time of sentencing, defense counsel knew that Petitioner was not satisfied with the length of his sentence and of his desire to challenge both the length of his sentence as well as his firearms conviction. Yet counsel did not advise him of the consequences that a failure to appeal would have on the ability to attack his conviction and sentence. Petitioner also alleges that, at the change of plea phase of his case, defense counsel failed to inform him of the direct consequences that the waiver of appeal had on his sentence as well as the consequences it had on all future collateral attacks to his sentence.

Meléndez-Hernández's argument is not only not supported by the record; it is also incorrect.

It is well settled that a "defendant must be informed of the direct consequences of his plea but not of all the collateral consequences of a guilty plea." United States v. Ocasio-Cancel, 727 F.3d 85, 89 (1st Cir. 2013). Petitioner's waiver of appeal was a direct consequence of his plea of guilty. Paragraph nine of Meléndez-Hernández's plea agreement states the following:

Waiver of Appeal - Defendant knowingly and voluntarily waives the right to appeal the judgment and sentence in this case, provided that Defendant is sentenced in accordance with the terms and conditions set forth in the Sentencing Recommendations provisions of this Plea Agreement. (Criminal Docket No. 959 at p. 6.)

Not only is the Plea Agreement signed by Petitioner, but his initials are on every page including page six. There can be no doubt that prior to his Change of Plea Hearing Meléndez-Hernández was fully aware of the waiver of appeal and that he was also informed of it during the hearing.

Furthermore, Meléndez-Hernández cannot claim a lack of knowledge or understanding of the terms and conditions of the Plea Agreement; on page 11 of the document Petitioner signed below the following statement:

I have consulted with my counsel and fully understand all of my rights with respect to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case.   I have read this Plea Agreement and carefully reviewed every part of it with my attorney.   My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement.   I fully understand this agreement and voluntarily agree to it.   (Criminal Docket No. 959 at p. 11.)

The record is clear that Petitioner knew of the waiver of appeal and its consequences; he cannot now claim otherwise.   In United States v. Butt, the First Circuit Court of Appeals held that a presumption of truthfulness applies to statements made in the context of a guilty plea.   See 731 F2d. 75, 80 (1st Cir. 1984). The presumption "will not be overcome unless the allegations in the 2255 Petition are sufficient to state a claim of ineffective assistance of counsel and include credible, valid reasons why a departure from those earlier contradictory statements is now justified."   Id.; see also United States v. Padilla-Galarza, 351 F.3d 594, 598 (1st Cir. 2003).

Meléndez-Hernández alleges that when his sentence was imposed, his attorney was aware of his dissatisfaction with the sentence imposed and his desire to challenge the weapons conviction, yet she failed to inform him of his right to appeal. The record contradicts this statement.   The Court sentenced Petitioner to the terms and conditions to which he agreed in the Plea Agreement, honoring the agreement which triggered the waiver of appeal.   Absent a clear indication from Meléndez-Hernández, (and Petitioner has provided none) about his wish to appeal despite the waiver, counsel did not have a duty to act further.[3]   See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).

**B.   Whether Meléndez-Hernández is entitled to relief pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015)**

Meléndez-Hernández alleges that his conviction and sentence for violating Title 18, United States Code, section 924 (c)(1)(A) are unconstitutional due to the Supreme Court's ruling in Johnson v. United States.   In Johnson v. United States, 576 U.S. ___, 135 S.Ct. 2551 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague and that "imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process." Johnson, 576 U.S.

---

[3] Meléndez-Hernández's has not stated or even implied in any of his filings that he instructed his counsel to file an appeal.

at ___, 135 S.Ct. at 2555-63.  The ACCA provides for enhanced penalties for defendants with three qualifying prior felony convictions for either serious drug offenses or "violent felonies."  The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year "that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>."  18 U.S.C. sec. 924(C)(2)(B)(ii) (emphasis added).  The underlined portion is known as the ACCA's "residual clause".  The Supreme Court determined that ACCA's "residual clause" was unconstitutionally vague because its application was too "wide-ranging" and "indeterminate."  <u>Id.</u>  On April 18, 2016, the United States Supreme Court determined that <u>Johnson II</u> announced a new substantive rule that applies retroactively to cases on collateral review.  <u>Welch v. United States</u>, 578 U.S. ___, 136 S.Ct. 1257 (2016).

Because Meléndez-Hernández was convicted of, and sentenced for, possessing a firearm in furtherance of a drug trafficking crime and not a crime of violence, <u>Johnson</u> does not apply.  The Federal Public Defender appointed to represent Petitioner even filed an informative motion stating that <u>Johnson</u>

does not apply to Meléndez-Hernández because he specifically pled guilty to possessing a firearm during and in relation to a drug trafficking crime. (Civil Docket No. 4.) Accordingly, Petitioner's <u>Johnson</u> allegation is **DENIED**.

**C. Whether Petitioner entered into a Plea Agreement involuntarily and not knowing of the full consequences of pleading guilty.**

Meléndez-Hernández also alleges that his guilty plea was unknowing and involuntary. Petitioner raises this allegation separate from his first allegation of ineffective assistance of counsel, but here he once again alleges that his counsel was ineffective. Meléndez-Hernández alleges that his counsel failed to inform him that his plea agreement involved a waiver of his constitutional right to *habeas corpus* and a waiver of any prospective claim against counsel (Civil Docket No. 1-1). Meléndez-Hernández fails to meet the <u>Strickland</u> standard for ineffective assistance of counsel because this final allegation is premised on an incorrect allegation.

As previously discussed, the only waiver contained in Petitioner's Plea Agreement is a waiver of the right to appeal if the Court sentenced Meléndez-Hernández to the terms and conditions stipulated in the Plea Agreement. The Court in fact sentenced Petitioner according to the terms and conditions of the Plea Agreement; the waiver of appeal is therefore enforceable. At no

time did Meléndez-Hernández waive any right to possible *habeas corpus* relief or relief from any prospective claim.  Petitioner has requested *habeas corpus* relief by filing his 2255 petition. Neither is Meléndez-Hernández's right limited to seek any other relief that might arise from a change in the law made applicable retroactively.  Petitioner's allegation is **DENIED**.

       After the Government filed its response to Petitioner's original 2255 motion, Meléndez-Hernández filed a motion which he titled Motion to Amend and Supplement (Civil Docket No. 16.)  In its first paragraph, Petitioner states that he wished to amend and supplement his original 2255 filing pursuant to Fed. R. Civ. P. 15(b).

       In his supplement, Meléndez-Hernández raises a claim of actual innocence for the first time.  He claims factual innocence, stating that he was never a member of La Rompe ONU, that he knew its members as childhood friends and that he has never possessed a gun.  In fact, Petitioner alleges that he is nothing more than an honest hard-working man.  In support of his claim of actual innocence, Petitioner submitted an affidavit which he signed and dated, as well as an article titled "The Question of Actual Innocence", by Arthur Curry (Civil Docket No. 16-1.)  No other evidence was presented.

In order for the Court to entertain Petitioner's claim of actual innocence, Meléndez-Hernández must first pass the hurdle of relating back to his original filing of his 2255 petition.

Petitioner's supplemental pleading was filed on January 18, 2018, nine months after he signed his original 2255 petition, as well as outside the one-year statute of limitations.[4]

A section 2255 claim presented in a motion to amend that is filed more than one year after the conviction becomes final is untimely under Title 28, United States Code, section 2255(f)(1), unless the claim relates back to a timely-filed claim, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.   A claim relates back "when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading." United States v. Ciampi, 419 F3d. 20, 23 (1st Cir. 2005).   An amended *habeas corpus* petition does not relate back when "it asserts a new ground for relief supported by facts that differ in both time and type from those original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005).   This relation back concept in the *habeas corpus* context is strictly construed.   "The standard cannot be satisfied merely by raising some type of ineffective assistance in the original

---

[4] Meléndez-Hernández signed his original 2255 petition on April 30, 2017 (Civil Docket No. 1 at p. 13.)

petition, and then amending the petition to assert another ineffective claim based upon an entirely distinct type of attorney misfeasance." Ciampi at 24.

Petitioner's untimely supplemental filing does not relate back to his original 2255 petition.  Therefore, it is time barred and cannot be entertained by the Court.

For the first time, Petitioner has raised a claim of actual innocence.  Even if it were timely, however, it would not prosper.

The Supreme Court has emphasized that the actual innocence exception is very narrow, reserved for truly exceptional cases.  Murray v. Carrier, 477 U.S. 478, 496 (1986).  Actual innocence means factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623-624 (1998).  In order to succeed, the petitioner "must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  Barreto-Barreto v. United States, 551 F.3d 95, 102 (1st Cir. 2008), House v. Bell, 547 U.S. 518 (2006).

Meléndez-Hernández fails to meet his burden of actual innocence.  Petitioner has not presented any new evidence that

would sustain his claim of innocence.[5]   A self-serving affidavit
is not new evidence.   Accordingly, even if Petitioner's claim of
actual innocence were timely, it would have been **DENIED**.

### D.   Evidentiary Hearing

As part of his 2255 petition, Meléndez-Hernández
requested an evidentiary hearing.   Petitioner has, however, failed
to meet the requirements for an evidentiary hearing to be held.

In order for Petitioner to prosper in his request, he
must be able to demonstrate, by a preponderance of the evidence,
not only an entitlement to the 2255 Petition for relief, but also
entitlement to an evidentiary hearing, David v. United States, 134
F.3d 470, 477-478 (1st Cir. 1998); Reyes v. United States, 421
F.Supp. 2d 426, 430 (D.P.R. 2006).   Inasmuch as Petitioner has
failed in his burden as to his 2255 Petition he has failed as well
in the request for an evidentiary hearing.   Therefore, Petitioner's
request for an evidentiary hearing is **DENIED**.

---

[5] A review of Petitioner's Pre-Sentence Investigation Report contradicts his
untimely claim of actual innocence.   On March 16, 2016, Meléndez-Hernández was
interviewed by the United States Probation officer and made several statements:

The defendant accepted responsibility for his offense pursuant to the
stipulated version of facts as signed in the plea agreement.

The defendant stated that he got involved because of need.   He advised
that there was rivalry between his public housing project of residence; that is
Villa Andalucía, and other residential projects in the area.   He indicated that
since he was already identified as a resident of the Villa Andalucía group, he
had to join in an effort to be safe.   He added that he was afraid for his life.
(Criminal Docket No. 1234 at p. 33).

## IV.   CONCLUSION

For the reasons stated, Petitioner Jessy J. Meléndez-Hernández's motion filed pursuant to 28 U.S.C. § 2255 (Civil Docket No. 1) and his Supplemental Motion (Civil Docket No. 16) are **DENIED**.

This case is **DISMISSED with prejudice**.   Judgment shall be entered accordingly.

If Petitioner files a notice of appeal, no certificate of appealability shall issue because he has not made a substantial showing of the denial of a constitutional right.   See 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 24, 2020.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE